**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| SELMA T. EASSA., Personal Representative of the Estate of LOUIS J. EASSA, a Florida individual; and SELMA T. EASSA, a Florida individual. | ) IN ADMIRALITY AND AT LAW ) ) ) Case No. 2:14-cv-01639 ) |
| Plaintiff, | ) ) **COMPLAINT** |
| v. | ) ) |
| HOLLAND AMERICA LINE, N.V., a Washington corporation; HAL Antillen N.V., a Curacao corporation; David Murray, M.D., MS Zuiderdam's onboard physician; and SUSAN PEREIRA, one of MS Zuiderdam's onboard nurses; | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

COMES NOW Plaintiffs Selma T. Eassa as Personal Representative of the estate of Louis J. Eassa and Selma T. Eassa, personally, to aver and state as follows:

**PARTIES TO THE ACTION**

1. Plaintiff Selma T. Eassa, Personal Representative of the Estate of Louis J. Eassa, is now and was at all times mentioned in this complaint an individual residing in the state of Florida.

COMPLAINT - 1

Harris & Moure
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

2. Plaintiff Selma T. Eassa is now and was at all times mentioned in this complaint, an individual residing in the state of Florida.

3. Defendant Holland America Line, N.V. ("HAL") is a Washington corporation with its principle place of business in Seattle, Washington, and acts as agent of the owner of the MS Zuiderdam cruise ship.

4. Defendant HAL Antillen N.V. is the owner of the MS Zuiderdam cruise ship and is a foreign corporation registered under the laws of Curacao.

5. Defendant David Murray, M.D., is the onboard physician on the MS Zuiderdam cruise ship and was hired by HAL.

6. Defendant Susan Pereira is an onboard nurse on the MS Zuiderdam cruise ship and was hired by HAL.

7. At all times relevant and material to this complaint, each of the Defendants were agents, employees, and/or representatives of each other and acted within the course and scope of their employment and/or agency and/or acted for a common purpose or as part of a joint venture.

8. At all times relevant and material to this complaint, Defendants acted through their agents, employees, and/or representatives, who in turn acted within the scope of their employment and/or agency.

9. At all times relevant and material to this complaint, one or more of the Defendants were bound by a contract(s) or agreement(s) with each other and/or with other parties, requiring Defendants, either on their own behalf and/or on behalf of some or all of the other Defendants, to maintain, operate, and otherwise control the cruise excursions in ways that would be safe for use by passengers and invitees.

## JURISDICTION AND VENUE

10. This court has jurisdiction under 28 U.S.C. §§ 1332 and 1333, 46 U.S.C. § 30302, the Death on the High Seas Act ("DOHSA"), and/or under the general maritime

COMPLAINT - 2

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

law, and under the contract(s) of carriage under which the claims are brought. Jurisdiction is thus based on the court's admiralty jurisdiction as well as diversity of citizenship. The amount in controversy exceeds $75,000.

11. This Court has personal jurisdiction over Defendants HAL, David Murray, M.D., and Susan Pereira based on their continuous and systematic business contacts with the state of Washington, which are sufficient to establish the Court's general personal jurisdiction over these Defendants.

12. Defendant David Murray, M.D., and Susan Pereira availed themselves of the benefits of conducting business within the state of Washington by entering into employment contracts with Washington-based Defendant HAL. Defendants David Murray, M.D., and Susan Pereira knew they were contracting with HAL, a Washington corporation whose cruise contract requires that all suits by personal representatives of passengers fatally injured be brought in the United States District Court in Seattle. It is thus foreseeable that they would be hailed into court in Washington based on their roles in the medical field providing services to patrons of Defendant HAL.

13. Venue is proper in this Judicial District under 28 U.S.C. § 1391(c) for claims against Defendants because Defendant HAL is a corporation that resides in this judicial district and because Defendant HAL included a forum selection clause in its cruise contract naming this Judicial District as the proper forum for resolving disputes.

14. Venue is also proper in this Judicial District under 28 U.S.C. § 1391(c) for claims against Defendant HAL because it is subject to personal jurisdiction in this Judicial District.

**GENERAL BACKGROUND**

15. In May of 2013, Louis and Selma Eassa, husband and wife, ("the Eassas") purchased tickets for a ten-day cruise from Defendant HAL. The cruise ship, the MS Zuiderdam, was scheduled to depart from Fort Lauderdale, Florida on November 8, 2013

COMPLAINT - 3

Harris & Moure
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

and return to Fort Lauderdale, Florida on November 18, 2013. The ship was to travel throughout the Caribbean and scheduled to stop at a number of port cities for cruise-related excursions.

16. On November 8, 2013, the Eassas departed from Fort Lauderdale, Florida on the MS Zuiderdam operated by HAL.

17. On November 9, 2013, in the early evening, the Eassas relaxed in their room after their dinner meal. Louis Eassa started to feel ill and his stomach began to cramp violently, after which he vomited repeatedly for hours.

18. After comforting her husband, Selma Eassa called for medical assistance. Susan Pereira, an onboard nurse hired by HAL, came to the Eassa's stateroom and administered two injections to Louis Eassa, one of which was the anti-nausea drug Phenergan.

19. Susan Pereira, an onboard nurse, confirmed to Selma Eassa that Louis Eassa was a victim of norovirus. Houskeeping personnel entered the Eassas' stateroom over the next couple of hours to change the linens and clean the norovirus germs off the room's fixtures and furnishings.

20. Over the next several hours, Louis Eassa continued to experience violent vomiting episodes and severe diarrhea. Selma Eassa gently bathed her husband and sat by his side as he lay in bed. Suddenly, Louis Eassa's breathing became extremely labored, and then it stopped.

21. Selma Eassa immediately called for help. A ship's officer entered Selma Eassa's stateroom and attempted cardiopulmonary resuscitation (CPR). More of the ship's staff arrived, including medical personnel, who used an automated external defibrillator (AED) to attempt to revive Louis Eassa. David Murray, M.D., an onboard physician hired by HAL, pronounced Louis Eassa dead due to myocardial infarction (heart attack) at 4:34 am.

COMPLAINT - 4

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA  98101
Phone: (206) 224-5657
Fax: (206) 224-5659

**FIRST CLAIM FOR RELIEF**

**Negligence**

22. Plaintiffs reallege each allegation set forth in the paragraphs above and below as though fully set forth herein.

23. Defendant HAL owed a duty to warn Plaintiff and the other passengers and invitees on the Vessel of the hazards posed by the unique circumstances of maritime travel.

24. Defendants owed a duty to Plaintiffs to operate all aspects of the cruise in a safe and reasonable manner.

25. Defendants knew and/or should have known that their failure to warn passengers and invitees on the Vessel of the hazards of maritime travel could lead to injuries or death to those passengers and invitees.

26. Defendants knew and/or should have known that their failure to operate all aspects of the cruise in a safe and reasonable manner could lead to injuries, fatal or otherwise, to those passengers and invitees aboard the cruise.

27. The circumstances under which Louis Eassa was injured were such that Louis Eassa could not have incurred those injuries except by Defendants' negligence.

28. All of the Defendants' negligence consisted of, among other things, the following:

    (a) Failing to operate the cruise in a safe and responsible manner;

    (b) Failing to warn passengers of the dangerous, hazardous, and unsafe conditions on the cruise;

    (c) Failing to take responsible precautions against dangerous, hazardous, and unsafe conditions during the cruise;

    (d) Failing to reasonably investigate and determine the cause of the norovirus aboard the MS Zuiderdam;

COMPLAINT - 5

*Harris & Moure*
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

     (e) Failing to make reasonable efforts to ensure that passengers, such as Louis Eassa, would not be injured by the norovirus while aboard the MS Zuiderdam;

     (f) Failing to provide adequate medical treatment, medical equipment, and emergency medical training on the cruise; and

     (g) Such other negligent acts and/or failures to act as may be revealed during the course of this action.

29.    Defendant HAL was negligent in:

     (a) Failing to establish appropriate procedures and protocol regarding the outbreak of the norovirus among their passengers and/or vessel crew;

     (b) Failing to establish appropriate procedures and protocol regarding the medical testing for the norovirus when passengers and/or vessel crew exhibit repeated and violent vomiting and severe diarrhea;

     (c) Failing to establish appropriate procedures, protocol and criteria regarding training, experience and competence of persons operating and crewing the vessel;

     (d) Failing to hire competent medical personnel who recognize the symptoms of the norovirus;

     (e) Failing to hire competent medical personnel who act accordingly when they believe their patient is suffering from the norovirus; and

     (f) Failing to establish appropriate procedures and protocol regarding the training and instruction of vessel crewmembers and medical personnel in regards to the norovirus, its symptoms and treatment.

30.    Defendants' negligent actions and failures to act directly and proximately caused Louis Eassa's bodily injury, conscious mental and physical pain and suffering and ultimately his death.

Harris & Moure
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

31. Defendants had a duty to protect Louis Eassa from dangers unique in maritime travel.

32. Defendants breached their duties by acting negligently and by negligently failing to act.

33. Defendants' breaches of their duties to Louis Eassa directly and proximately caused Louis Eassa's physical injuries and death.

34. Defendants' breaches of their duties negligently inflicted emotional distress upon Selma Eassa, wife of Louis Eassa.

35. Plaintiffs sustained special damages in an amount to be proven at trial as a result of Defendants' negligence.

36. Plaintiffs sustained general damages in an amount to be proven at trial as a result of Defendants' negligence.

## SECOND CLAIM FOR RELIEF

### Negligent Hiring and Supervision

37. Plaintiffs reallege each allegation set forth in paragraphs above and below as though fully set forth herein.

38. Defendant HAL selected and employed David Murray, M.D., and Susan Pereira to provide medical services aboard the MS Zuiderdam.

39. Defendant HAL was negligent in:

(a) Failing to assure that David Murray, M.D., and Susan Pereira had established appropriate procedures and protocols as referenced in Plaintiff's First Claim for Relief for an outbreak of norovirus;

(b) Failing to conduct an adequate risk assessment of David Murray, M.D., and Susan Pereira's medical abilities and expertise;

(c) Given the lack of established procedures and protocol referenced in Plaintiff's First Claim for Relief, in failing to warn Louis Eassa and Selma Eassa of the

COMPLAINT - 7

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

foreseeable dangers associated the norovirus;

   (d) Failing to warn decedent Louis Eassa and Selma Eassa of Defendant Holland America Lines' failure to assure that David Murray, M.D., and Susan Pereira had established appropriate safeguards as referenced in Plaintiff's First Claim for Relief; and

   (e) Failing to warn Louis Eassa and Susan Eassa of defendant Holland America Lines' failure to conduct an adequate risk assessment of David Murray, M.D., and Susan Pereira's medical abilities and expertise.

39. Based on the above facts, Defendant HAL had a duty to its fare-paying passengers to properly select, investigate, and supervise Defendants David Murray, M.D., and Susan Pereira, onboard medical staff, to ensure that it conducted the cruise safely and properly.

40. Defendant HAL breached this duty by failing to ensure that Defendants David Murray, M.D., and Susan Pereira maintained even a minimal level of safety precautions for HAL passengers, and by allowing Defendants David Murray, M.D., and Susan Pereira to operate in a negligent and reckless manner.

41. As a proximate result of the Defendants' negligence, Louis Eassa did not survive the injuries he sustained.

42. Plaintiffs sustained special damages in an amount to be proven at trial as a result of Louis Eassa's injuries.

43. Plaintiffs sustained general damages in an amount to be proven at trial as a result of Louis Eassa's injuries.

### THIRD CLAIM FOR RELIEF

#### Medical Malpractice

44. Plaintiffs reallege each allegation set forth in paragraphs above and below as though fully set forth herein.

COMPLAINT - 8

Harris & Moure
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

45. Defendants HAL and its employees aboard the MS Zuiderdam owed a duty to conduct, operate, and supervise the cruise in a safe and reasonable manner. This includes the protection of passengers from exposure to diseases and the prevention of its spread, such as the norovirus.

46. Defendant Susan Pereira failed to correctly identify the symptoms Louis Eassa exhibited when she visited his stateroom on November 9, 2013, despite the fact that the norovirus is the second leading cause of death from a gastrointestinal type of illness in the United States and that the contagious infection can spread rapidly on cruise ships.

47. Defendant Susan Pereira failed to provide Louis Eassa and Selma Eassa with adequate medical care and expertise. Defendant Pereira arrived at the stateroom and administered an injection of Phenergan to Louis Eassa. Phenergan may cause hypotension (low blood pressure) and tachycardia (rapid heart rate) after the first dose is injected. Louis Eassa was already vomiting profusely from the norovirus, which would have led to decreased fluid volume and low blood pressure. The dose of Phenergan exacerbated these issues. Phenergan may cause fatal cardiac arrest from severe hypotension.

48. Defendant Susan Pereira failed to provide Louis Eassa and Selma Eassa with the proper medical attention. After an injection of Phenergan, close monitoring is required. After Defendant Pereira administered the Phenergan, she left the stateroom and failed to monitor Louis Eassa's condition or the effects of Phenergan on Louis Eassa.

49. Defendant Susan Pereira failed to provide Selma Eassa with the proper medical attention. Given the highly contagious nature of the norovirus, Selma Eassa could have easily contracted the norovirus after spending hours by her husband's side. After administering the Phenergan, Defendant Pereira left the stateroom and failed to

COMPLAINT - 9

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

monitor Selma Eassa's condition or the potential effects of the norovirus on Selma Eassa.

50. Defendant David Murray, M.D., failed to provide Louis Eassa and Selma Eassa with adequate medical care as he failed to check the diagnosis of Defendant Susan Pereira.

51. As a proximate result of the Defendants' negligence, Louis Eassa did not survive the injuries he sustained.

52. Plaintiffs sustained special damages in an amount to be proven at trial as a result of Louis Eassa's injuries.

53. Plaintiffs sustained general damages in an amount to be proven at trial as a result of Louis Eassa's injuries.

## FOURTH CLAIM FOR RELIEF

### Wrongful Death

54. Plaintiffs reallege each allegation set forth in paragraphs above and below as though fully set forth herein.

55. Defendants HAL and its employees aboard the MS Zuiderdam owed a duty to conduct, operate, and supervise the cruise in a safe and reasonable manner. This includes the protection of passengers from exposure to diseases and the prevention of its spread, such as the norovirus.

56. Defendants HAL and its employees aboard the MS Zuiderdam failed to warn its passengers that there had before been a norovirus issue aboard the MS Zuiderdam in 2008 which infected 262 passengers.

57. Defendants HAL and its employees aboard the MS Zuiderdam failed to warn its passengers that there had before been multiple norovirus outbreaks aboard other HAL vessels.

COMPLAINT - 10

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

58. Defendants HAL and its employees aboard the MS Zuiderdam failed to take proper care to minimize the risk of norovirus for all passengers, including the Eassas, aboard the MS Zuiderdam and other vessels owned and operated by HAL N.V.

59. As a proximate result of the Defendants' negligence, Louis Eassa did not survive the injuries he sustained.

60. Plaintiffs sustained special damages in an amount to be proven at trial as a result of Louis Eassa's injuries.

61. Plaintiffs sustained general damages in an amount to be proven at trial as a result of Louis Eassa's injuries.

## FIFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

62. Plaintiffs reallege each allegation set forth in paragraphs above and below as though fully set forth herein.

63. Defendants owed a duty to conduct, operate, and supervise the cruise in a safe and reasonable manner.

64. Defendants' negligent operation of the cruise directly and proximately caused Louis Eassa's injuries, suffering, and subsequent death.

65. Selma Eassa was present with Louis Eassa in their stateroom when Louis Eassa began to vomit profusely and repeatedly for hours, beginning at approximately 6:00 pm.

66. Selma Eassa was present with Louis Eassa, in their stateroom, when his breathing became extremely labored and then stopped.

67. Selma Eassa was present when a ship's officer entered the Eassas' stateroom after Selma phoned for assistance. Selma Eassa assisted the ship's officer as the officer attempted to resuscitate her husband.

Harris & Moure
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

68. Selma Eassa was present when additional ship's staff arrived, including personnel, who used an AED to attempt to revive Louis Eassa.

69. Selma Eassa was present when the medical personal aboard the ship failed in their attempt to revive Louis Eassa.

70. Selma Eassa was present when the Defendant David Murray, M.D., pronounced her husband, Louis Eassa, dead at 4:34 am.

71. Both of the Defendants' negligence, the Eassas were placed in immediate risk of harm by being exposed to the norovirus, a "highly contagious" illness.

72. As a result of Defendants' negligent conduct, Selma Eassa sustained physical impact and was placed in immediate risk of physical harm. She could have easily contracted norovirus herself and suffered the same fate.

73. Selma Eassa suffered grave emotional distress from the foregoing events, which were all directly and proximately caused by Defendants' negligence.

74. Selma Eassa continues to suffer emotional distress due to the highly traumatic loss of her husband.

75. Plaintiff, Selma Eassa, suffered damages in an amount to be proven at trial as a result of her emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Selma Eassa as Personal Representative of the estate of Louis Eassa, personally, respectfully pray for entry of a judgment granting the following joint and several relief against all defendants:

(a) For an award of special damages in an amount to be proven at trial;

(b) For an award of general damages in an amount to be proven at trial;

(c) For an award of interest and attorney's fees as may be allowed by law;

(d) For such other and further relief as the Court deems fair, just, and equitable.

COMPLAINT - 12

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues herein triable to a jury.

DATED this __22nd__ day of October, 2014.

                                HARRIS & MOURE, PLLC

                                /s/ Charles P Moure
                                Charles P. Moure, WSBA # 23701
                                Attorney for Plaintiff Eassas

COMPLAINT - 13

**Harris & Moure**
*A Professional Limited Liability Corporation*
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659